# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JEREMY HUGHES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:16-CV-72-CAR |
| | : | |
| POLAR CORP. (MA), | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OBTAIN COUNSEL, TO APPOINT MEDIATOR, OR TO STAY THE CASE

Before the Court is *pro se* Plaintiff Jeremy Hughes's Motion to Appoint a Mediator, to Stay the Case, or for a 90-Day Extension of Time to Obtain Counsel [Doc. 27]. Plaintiff is currently incarcerated in Florida and trying to retain new legal counsel to assist him in this case. Plaintiff requests the Court appoint a mediator to help resolve the case, stay the case for 18 months, or provide Plaintiff an additional 90 days to obtain counsel. Defendant Polar Corp. (MA) opposes Plaintiff's Motion. For the following reasons, Plaintiff's Motion [Doc. 27] is **DENIED**.

On February 16, 2016, with assistance of counsel, Plaintiff brought this disability discrimination suit against his former employer, Defendant Polar Corp.

1

(MA). However, shortly after the Court entered the Scheduling and Discovery, Plaintiff's counsel filed a Motion to Withdraw as Attorney. On November 17, 2016, the Court granted counsel's Motion to Withdraw as Attorney, stayed discovery in the case, and provided Plaintiff 90 days to secure replacement counsel. The Court also instructed Plaintiff if he is unable to secure counsel he could proceed with his case *pro se*. Thereafter, Plaintiff received two additional 30-day extensions to obtain replacement counsel. Thus, Plaintiff has had five months to obtain new counsel, and discovery in the case remains stayed. At this time, Plaintiff is incarcerated in Florida and has not retained legal counsel.

Now, Plaintiff requests the Court appoint a mediator in an effort to settle this case, or in the alternative, Plaintiff seeks an 18-month stay of the case or a 90-day extension to obtain legal counsel. Defendant opposes all of Plaintiff's requests and argues there is no justification for any further delay in litigation. The Court agrees.

First, Plaintiff contends a Court-appointed mediator is the best option to resolve this case and eliminate the need for any further extensions. Yet, Defendant has expressed it does not wish to settle this case and thus does not want to participate in mediation. Though the Court encourages private mediation, the Court will not

2

appoint a mediator when Defendant does not intend to facilitate a settlement with Plaintiff.[1]  Therefore, Plaintiff's request for a Court-appointed mediator is denied.

Next, Plaintiff requests an 18-month stay of the case until his incarceration ends in October 2018.  In the alternative, Plaintiff seeks a 90-day extension to retain new counsel, contending the first two 30-day extensions did not provide enough time.[2]  The Court, however, finds any further delay in this case is not warranted.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[3]  Although a district court has inherent authority to stay a case, "this power must not be exercised lightly."[4]  The Court's discretion must be guided by concern for the "interests of all the parties and the interests of the court in an orderly disposition of its caseload."[5]  The party seeking a stay "must make out a

---

[1] *See* Fed.R.Civ.P. 16(a) (authorizing a court to order the attorneys to appear for a pretrial conference for the purpose of, among other things, "facilitating settlement."); M.D. Ga., L.R. 16.2 ("Private mediation at the expense of the parties is encouraged by the court. With the consent of all parties, the court will assist in the scheduling of mediation and the selection of a mediator. Nothing in this rule prevents the parties from scheduling mediation without the court's involvement.").
[2] The Court notes Plaintiff's request for a 90-day extension is also a request to stay discovery for an additional 90-days.
[3] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[4] *Home Ins. Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1083 (N.D. Ga. 1983).
[5] *Id.*

3

clear case of hardship or inequity in being required to go forward."[6] When determining whether a stay is appropriate, "a court may consider the prudential advantages of a stay, but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted."[7]

Here, it does not appear that Plaintiff's inability to obtain counsel at this time is a clear case of hardship or inequity as to justify delaying the proceedings any longer. Plaintiff still has access to the Court while he is in prison, and Plaintiff's sister now has power of attorney to assist him in his efforts to retain counsel. Moreover, discovery has been stayed for over 150 days, and Plaintiff has already received multiple extensions. The Court finds any further delay in this case will likely prejudice Defendant, as witnesses may move or their memories may fade, and evidence may become more difficult to obtain. Thus, the Court must also deny these requests.

Accordingly, Plaintiff's Motion to Appoint a Mediator, to Stay the Case, or for an Extension of Time [Doc. 27] is **DENIED**, and the Stay of Discovery is now **LIFTED**. The time for discovery in this case shall expire November 27, 2017, and all dispositive motions must be filed no later than December 27, 2017. The Court **DIRECTS**

---

[6] *Landis*, 299 U.S. at 255.
[7] *Fitzer v. Am. Inst. of Baking, Inc.*, No. CV 209-169, 2010 WL 1955974, at *1 (S.D. Ga. May 13, 2010) (internal quotation marks omitted).

4

Defendant to submit an amended Proposed Scheduling and Discovery Order within fourteen (14) days from the date of this Order.

Plaintiff may proceed with his case *pro se* and continue his search for new counsel during discovery. While proceeding *pro se*, Plaintiff is advised that he must serve upon opposing counsel copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge), which are filed with the Clerk of the Court.[8] Plaintiff shall include with any paper that is filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of that paper was mailed to Defendant or its counsel. The Clerk of the Court will not serve or forward to the Defendant or its counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party[9]; (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each

---

[8] Fed. R. Civ. P. 5(a).
[9] M.D. Ga., L.R. 33.1.

party[10]; and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party.[11]

Plaintiff has the responsibility for diligently prosecuting his Complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Plaintiff is required to keep the Clerk of Court advised of his current address at all times during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of Plaintiff's Complaint.

**SO ORDERED,** this 2nd day of June, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[10] M.D. Ga., L.R 34.
[11] M.D. Ga., L.R 36.