IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JEREMY HUGHES, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:16-CV-72 (CAR) |
| POLAR CORP. (MA), | : | |
| Defendant. | : | |

## ORDER ON DEFENDANT'S MOTIONS TO COMPEL AND FOR LEAVE TO TAKE DEPOSITION

Before the Court are Defendant Polar Corp.'s Motion to Compel Discovery Responses and to Deem Certain Matters Admitted and Motion for Leave to Take Deposition of Plaintiff Confined in Prison. For the reasons explained below, Defendant's Motion to Compel [Doc. 36] is **GRANTED,** and Defendant's Motion for Leave to Take Plaintiff's Deposition [Doc. 38] is **GRANTED-IN-PART** and **DENIED-IN-PART**. It is GRANTED as to Defendant taking Plaintiff's deposition, but DENIED as to the deposition being at Plaintiff's expense.

## BACKGROUND

On February 16, 2016, Plaintiff, represented by counsel, filed this action against his former employer Polar Corp. for violations of the Family and Medical Leave Act

1

and the Americans with Disabilities Act. Approximately two months after filing his Complaint, in April 2016, Plaintiff was arrested and incarcerated. Thereafter, Plaintiff's counsel moved to withdraw his representation. The Court granted counsel's request, stayed discovery, and granted Plaintiff an extension of time to find new counsel. Plaintiff remains in custody in Florida, and, having not found counsel, is proceeding *pro se*.

Defendant served Plaintiff with its first discovery requests on June 13, 2013. Although, Plaintiff's responses were due on July 17, 2017, he failed to respond. On July 24, 2017, Defendant wrote Plaintiff and informed him that if he did not respond by August 7, 2017, Defendant would file a motion to compel with the Court. Plaintiff still did not respond. Thus, on August 8, 2017, Defendant contacted the Court to request a discovery conference, and on August 14, 2017, the Court advised Defendant it could file an appropriate motion. Three days later, on August 17, 2017, Defendant filed this Motion to Compel Plaintiff.

Approximately, three weeks after Defendant filed its Motion to Compel, on September 13, 2017, Plaintiff filed responses to Defendant's discovery requests. However, they are incomplete. Plaintiff responded to Defendant's requests for interrogatories and provided documents connected to those responses, but he did not respond to Defendant's request for production of documents and requests for

admissions. Defendant now seeks to compel Plaintiff to respond to the discovery requests that are incomplete.

### DISCUSSION

**1. Motion to Compel**

Generally, a district court's decision to compel discovery is not an abuse of discretion where the items requested are arguably relevant to the case.[1] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[2] The information sought need not be admissible at trial but must be likely to lead to relevant admissible information.[3]

Here, the information Defendant requested is relevant to the instant case. Furthermore, Defendant has complied with Federal Rule 37(a) and Local Rule 37 by including a certification that Defendant attempted in good faith to confer with Plaintiff regarding his failure to respond to discovery requests and attached their correspondence. Therefore, the Court concludes that Plaintiff should produce all the requested information contained in Defendant's Motion to Compel. **Plaintiff is hereby DIRECTED to respond to Defendant's discovery requests within fourteen days of the**

---

[1] *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).
[2] *United States v. Varnado*, 447 F. App'x 48, 50 (11th Cir. 2011) (internal quotation omitted) (quoting Fed.R.Civ.P. 26(b)(1)).
[3] Fed. R. Civ. P. 26(b)(1).

**date of this Order. Failure to comply with this Order will result in Defendant's requests for admissions being deemed admitted and may result in sanctions such as "striking pleadings in whole or in part; staying further proceedings until the order is obeyed; or dismissing the action or proceeding in whole or in part."**[4]

### 2. Motion for Leave to Take Deposition of Plaintiff Confined in Prison

Defendant also seeks leave to take Plaintiff's deposition while he is confined in prison. Rule 30(a)(2)(B) requires a party to obtain leave of court to take a deposition "if the deponent is confined in prison."[5] After reviewing the Motion, the Court finds Plaintiff's deposition is essential to understanding the details of his claim against Defendant. Accordingly, Defendant's Motion [Doc. 38]. is **GRANTED**. However, Defendant also seeks to depose Plaintiff at Plaintiff's own expense. This request is **DENIED**.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Compel [Doc. 20] is **GRANTED.** Plaintiff is hereby **ORDERED** to respond to Defendant's discovery requests within fourteen (14) days of the date of this Order. Defendant's Motion for Leave to Take Plaintiff's Deposition [Doc. 38] is **GRANTED-IN-PART** and **DENIED-**

---

[4] Fed. R. Civ. P. 37(b)(2).
[5] Fed. R. Civ. P 30(a)(2)(B).

**IN-PART**.  It is GRANTED as to Defendant taking Plaintiff's deposition, but DENIED as to the deposition being at Plaintiff's expense.

**SO ORDERED,** this 14th day of November, 2017.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT