IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JEREMY HUGHES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:16-CV-72 (CAR) |
| POLAR CORP. (MA), | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

Before the Court is Defendant Polar Corp.'s Motion for Sanctions for Failure to Comply with a Court Order. For the reasons explained below, Defendant's Motion [Doc. 40] is **DENIED.**

## BACKGROUND

On February 16, 2016, Plaintiff, represented by counsel, filed this action against his former employer Polar Corp. for violations of the Family and Medical Leave Act and the Americans with Disabilities Act. Approximately two months after filing his Complaint, in April 2016, Plaintiff was arrested and incarcerated. Thereafter, Plaintiff's counsel moved to withdraw his representation. The Court granted counsel's request, stayed discovery, and granted Plaintiff an extension of time to find new counsel.

1

Plaintiff remains in custody in Florida and, having not found counsel, is proceeding *pro se*.

Defendant served Plaintiff with its first discovery requests on June 13, 2017.[1] Although, Plaintiff's responses were due on July 17, 2017, he failed to respond. On July 24, 2017, Defendant wrote Plaintiff and informed him that if he did not respond by August 7, 2017, Defendant would file a motion to compel with the Court. Plaintiff still did not respond. Thus, on August 8, 2017, Defendant contacted the Court to request a discovery conference, and on August 14, 2017, the Court advised Defendant it could file an appropriate motion. Three days later, on August 17, 2017, Defendant filed a Motion to Compel Plaintiff's Discovery Responses.

Approximately, three weeks after Defendant filed its Motion to Compel, on September 13, 2017, Plaintiff filed responses to Defendant's discovery requests. However, they were incomplete. Plaintiff partially responded to Defendant's requests for interrogatories and provided documents related to those responses, but he did not respond to Defendant's request for production of documents and requests for admissions. On October 20, 2017, Defendant wrote Plaintiff asking him to supplement his responses within fourteen days. Instead, Plaintiff served Defendant with his own discovery requests on November 13, 2017, which Defendant received on November 17 and November 20, 2017.

---

[1] A typographical error in the Court's Order to Compel [Doc. 39] listed this date as June 13, 2013.

On November 14, 2017, the Court granted Defendant's Motion to Compel and ordered Plaintiff to respond to Defendant's discovery requests within fourteen days. On December 6, 2017, having not yet received any response from Plaintiff, Defendant filed the Motion for Sanctions currently at bar. Plaintiff responded to the Motion stating he mailed his responses to Defendant's discovery requests on November 28, 2017, the fourteenth day after the Court's Order to Compel; however, on December 5, 2017, the envelope was returned to him; thus, he re-mailed it on December 6, 2017.

Defendant received Plaintiff's responses on December 11, 2017, but they are still deficient. As a response to many of Defendant's requests for production of documents, Plaintiff stated that the responsive documents requested are being kept in a storage locker by a family member who is serving overseas, and Plaintiff does not have access to tax documents Defendant requested because he is in prison. Plaintiff provided Defendant with some bank statements and two W-2 forms. Plaintiff supplemented his response to Defendant's interrogatories on January 16, 2018, but stated he could not answer Interrogatory No. 18 regarding previous Plaintiff's felony convictions, because the documents containing the information Defendant seeks were also in a storage facility.

## DISCUSSION

In its Motion, Defendant seeks dismissal of this action with prejudice for Plaintiff's failure to obey a discovery order and failure to disclose or supplement discovery under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 37(b)(2)(C). Alternatively, Defendant seeks dismissal for failure to prosecute under Rule 41(b), or any other sanctions the Court deems appropriate. Rules 37 and 41 authorize the Court to dismiss actions for failure to prosecute and failure to comply with a court order. However, dismissal with prejudice is not favored and is considered a sanction of last resort.[2] To warrant dismissal under Rule 41(b) for failure to prosecute, there must be "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."[3] Dismissal with prejudice under Rule 37 "may be appropriate when a plaintiff's recalcitrance is due to willful[l]ness, bad faith or fault."[4] Although Plaintiff's failure to provide Defendant with complete discovery appears to be Plaintiff's fault, the Court will not dismiss this action at this time.

Neither Plaintiff's incarceration nor his *pro se* status excuse him from complying with Court orders. "Even *pro se* litigants are under an obligation to obey discovery orders."[5] The Court recognizes that Plaintiff's incarceration, and the fact that his documents are in the possession of an overseas relative, make production more

---

[2] *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).
[3] *Id.* (quotations omitted).
[4] *Phipps*, 8 F.3d at 790.
[5] *Welch v. Comcar Indus.*, 139 F. App'x 138, 139 (11th Cir. 2005) (internal citations omitted).

difficult, but this Court has been accommodating Plaintiff since he filed this case over two years ago on February 16, 2016. Discovery originally expired over a year ago on December 13, 2016. However, after Plaintiff's incarceration and his attorney's subsequent withdrawal from representation, this Court recognized Plaintiff's difficulty in finding new counsel from prison and stayed discovery for 90 days to allow Plaintiff time to procure new counsel. Thereafter, the Court granted two more extensions of time—a 30-day extension in February and another 30-day extension in March—informing Plaintiff that if he was unable to find counsel after these extensions he could proceed with his case *pro se*. In June, the Court denied Plaintiff's third request for a 90-day extension, or an 18 months stay, noting it had given Plaintiff more than 150 days to find a new attorney. The Court also informed Plaintiff of his duty to prosecute his case and participate in discovery.

Thus, Plaintiff has been aware of his responsibilities to prosecute his case and participate in discovery since at least June 2, 2017. Additionally, Defendant served Plaintiff with its discovery requests on June 13, 2017; therefore, Plaintiff has had seven months to arrange production of these documents to Defendant. However, there is no evidence Plaintiff has attempted to do so. Defendant has now spent time and money defending this action for two years, and discovery is not even complete.

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."[6] Plaintiff's actions delaying this case are prejudicial to Defendant and harmful to the integrity of the discovery process. Recognizing the difficulties Plaintiff faces, this Court has more than accommodated Plaintiff in attempting to find new counsel and litigating his case *pro se* from prison. However, the Court cannot continue to accommodate Plaintiff at the expense of Defendant. The Court has determined that the discovery Defendant seeks is reasonable and discoverable, and Defendant will be unfairly prejudiced if it is not provided with the discovery to which it is entitled. If Plaintiff cannot fully participate in discovery, lesser sanctions than dismissal may not suffice.

Due to the difficulty Plaintiff confronts in procuring these documents, the Court will accommodate Plaintiff one last time and **allow him an additional thirty (30) days to provide Defendant with a full response to Defendant's Interrogatory No. 18, and with the documents related to Defendant's Requests for Production Nos. 1, 3, 8, 9, and 10.** The Court will stay discovery for these thirty days.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Sanctions [Doc. 40] is **DENIED.** Plaintiff is hereby **ORDERED to provide Defendant with the discovery it requests**

---

[6] *Gratton*, 178 F.3d at 1374.

**within thirty (30) days of the date of this Order. Failure to comply with this Order may result in sanctions such as "dismissing the action or proceeding in whole or in part."**[7]

    **SO ORDERED,** this 28th day of February, 2018.

                                               S/ C. Ashley Royal
                                               C. ASHLEY ROYAL, SENIOR JUDGE
                                               UNITED STATES DISTRICT COURT

---

[7] Fed. R. Civ. P. 37(b)(2).